[No. 13796.    Department One.    May 18, 1917.]

LILY F. LAUER, *Appellant*, v. I. L. FREUDENTHAL,
*Respondent*.[1]

COURTS—COMITY—PENDING ACTION IN ANOTHER STATE. Under the
doctrine of comity between states, the courts of this state will not
entertain an action to recover property fraudulently concealed by a
husband in an action for divorce in a sister state, where it appears
that the divorce action was still pending and that by the decree the
plaintiff was given permission to apply to that court to secure her
rights in any property fraudulently concealed, that the identical
matter had already been submitted to that court and considered, and
that no property had been discovered since the entry of the decree,
and it was not alleged that any property belonging to the defendant
had ever been in this state.

Appeal from a judgment of the superior court for Spo-
kane county, French, J., entered April 13, 1916, upon the
verdict of a jury rendered in favor of the defendant by direc-
tion of the court, in an action to recover property fraudu-
lently concealed pending an action for divorce.    Affirmed.

*Noffsinger & Walchli* and *Samuel R. Stern*, for appellant.
*J. E. Erickson* and *Harry L. Cohn*, for respondent.

WEBSTER, J.—In June, 1915, respondent and appellant
were husband and wife, and resided in the city of Whitefish,
Montana.    On June 13, 1915, in the district court for the
eleventh district of Montana, holding terms in Flathead
county, appellant commenced an action against respondent
for a divorce and a division of property.    On June 28, 1915,
respondent filed his answer in the action, and entered into a
stipulation with appellant providing for the appointment of a
receiver to take charge of all the property and effects of the
parties.    The receiver was duly appointed.    The case was im-
mediately heard and a divorce was granted appellant as she
prayed.

[1]Reported in 165 Pac. 98.

The decree, among other things, contained the following provisions:

"That said plaintiff may apply to this court at any time hereafter for such order or relief as to the court may seem proper, for the purpose of discovering property improperly or fraudulently tansferred or concealed, and for the purpose of reaching any property which might properly belong in whole or in part to the plaintiff."

It was further provided in the decree that the receivership should be continued in force for the purpose of collecting and distributing the property of the parties in accordance with their stipulation. Later appellant applied to the court for permission to examine respondent touching his property holdings, it being claimed that he had not made a full, fair, and complete disclosure to appellant of all of his property. The application was granted, and respondent appeared and was examined at length concerning the property owned by him. On the following day, a stipulation was entered into by the terms of which respondent agreed to pay appellant $3,500, and to pay her counsel the sum of $750 for his services in the case. No further steps were taken in the cause, and the record is silent as to whether the receivership had been closed.

In September, 1915, respondent, while sojourning in the city of Spokane, was served with the summons and complaint in this action. Appellant, after setting forth in the complaint the divorce action in Montana, the stipulations entered into between the parties, and the decree entered in the cause, alleged in substance that respondent, prior to and at the time of the settlement of the property rights of the parties, had fraudulently secreted and withheld from appellant property of the value of at least $20,000; that appellant was entitled to one-half of this amount, and prayed judgment for the sum of $10,000. It was not alleged that any of the property claimed to have been secreted by respondent was, or ever had been, in this state, and no effort was made to

reach or subject any specific property belonging to respondent alleged to be in the state of Washington. At the trial in the superior court, it affirmatively appeared from the evidence offered by appellant that all of the matters and things sought to be litigated in this jurisdiction had been fully inquired into and carefully investigated by the district court of Montana, and the evidence sought to be introduced in appellant's behalf was the identical evidence which had theretofore been submitted to the district court of Montana. No evidence was offered tending to prove that any property belonging to respondent had been discovered since the entry of the decree in the divorce action which had not been disclosed to the receiver and to the court. At the conclusion of appellant's case, the court, on motion, directed a verdict in favor of respondent. Appellant brings the case here.

It appearing that the divorce action was still pending in the district court of Montana, and that, by express provision in the decree, appellant is given permission to apply to that court for the purpose of securing her rights in and to any property which respondent may have fraudulently concealed from her at the time the property settlement was made, and that the identical matter attempted to be litigated in this state had already been submitted to and considered by the district court of Montana, and that no property of any character belonging to respondent had been discovered since the entry of the decree which had not been accounted for in the property settlement, we are of the opinion that the disposition made of the case in the lower court was correct. In the circumstances disclosed by this record, it would seem that the doctrine of comity between states calls for the refusal on the part of the courts of this state to entertain the action. To do otherwise would be for the courts of this state to review a portion of the proceedings had in the district court of a sister state in a cause still pending in that court.

"Comity is not a rule of law, but one of practice, convenience and expediency. It is something more than mere

courtesy, which implies only deference to the opinion of others, since it has a substantial value in securing uniformity of decision, and discouraging repeated litigation of the same question." *Mast, Foos & Co. v. Stover Mfg. Co.*, 177 U. S. 485.

Ellis, C. J., Morris, Main, and Chadwick, JJ., concur.